UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only

JOHN R. DURSO, JOSEPH FONTANO, JACK
CAFFEY DEBRA SERVIDO, NEIL GONZALVO,
JON GREENFIELD, JOHN CATSIMATIDIS, ANGELO
AVENA, MORTON SLOAN, and JACOB DIMANT,
M.D., as Trustees and Fiduciaries of the LOCAL 338
RETIREMENT FUND,

**ORDER**
Plaintiffs,    17-CV-01001 (JMA)(ARL)

-against-

PARK LANE FOODS, LLC,

**FILED**
**CLERK**

9/19/2018 4:42 pm

Defendant.

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Plaintiffs are the trustees and fiduciaries of the Local 338 Retirement Fund (the "Fund" or "Plan"). Before the Court is plaintiffs' motion for default judgment against defendant Park Lane Foods, LLC for $152,016.00 plus interest, for defendant's failure to pay withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., as well as attorney's fees and costs.

For the reasons stated herein, plaintiffs' motion is GRANTED and plaintiffs are awarded a default judgment against defendant in the total amount of $457,998.39, which consists of: (1) withdrawal liability in the amount of $152,016.00; (2) interest on the withdrawal liability in the amount of $149,718.57; (3) additional interest in the amount of $149,718.57; (4) attorney's fees in the amount of $5,745.00; and (5) costs in the amount of $790.25.

# I. DISCUSSION

## A. Defendant Defaulted

Defendant, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

## B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, the allegations in the complaint are sufficient to establish defendant's liability for its failure to pay its withdrawal liability to plaintiffs pursuant to its obligations under ERISA.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has

"ensured that there was a basis for the damages specified in the default judgment." <u>Transatlantic Marine</u>, 109 F.3d at 111.

The Court finds that plaintiffs' submissions, including the declaration of Amanda Bell and affidavit of Charles Hamilton in support of plaintiffs' motion for a default judgment, along with attached exhibits, (ECF Nos. 13, 14), establish the damages alleged by plaintiffs to a reasonable degree of certainty.

Section 515 of ERISA, 29 U.S.C. § 1145, makes clear that a plan member's contractual duty to make contributions to multi-employer plans is a statutory requirement, and violations of that section are enforceable through civil actions brought under 29 U.S.C. § 1132(g). <u>New York State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.</u>, 382 F.3d 272, 278 (2d Cir. 2004).

Since plaintiffs have established defendant's liability under ERISA, they are entitled to an award of: (1) the amount of unpaid contribution for withdrawal liability; (2) interest on the unpaid contribution; (3) additional interest in the amount of either the interest on the unpaid contribution or liquidated damages, whichever is greater; and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). In the present case, the interest rate set by the Plan's trust agreement is 1.5% per month (or 18% per annum). (<u>See</u> Hamilton Aff., Ex. B, Article VII, Section 5(a).)

Accordingly, the Court finds that:

1) Defendant is liable to plaintiffs for $152,016.00 in withdrawal liability;

2) Defendant shall pay the Trustees $149,718.57 in interest, at the rate of eighteen percent (18.0%) per annum; and

3) Defendant shall pay the Trustees additional interest in the amount of $149,718.57;

**C. Attorney's Fees and Costs**

In their motion, plaintiffs request attorney's fees in the amount of $5,745.00 and costs in the amount of $790.25. (See Bell Decl., ECF No. 13, Ex. 15-20.) Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), requires an award of attorney's fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions. La Barbera v. Clestra Hauserman Inc., 369 F.3d 224, 226 (2d Cir. 2004) ("the statute renders fees and costs mandatory"). With respect to attorney's fees, both the hourly rate sought by plaintiffs' counsel and the time spent are reasonable and supported by contemporaneous time records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

Having reviewed plaintiffs' bill for costs associated with this litigation as well as the Bell Declaration, the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

Accordingly, plaintiffs are awarded attorney's fees in the amount of $5,745.00 and costs in the amount of $790.25.

## II. CONCLUSION

For the reasons stated herein, plaintiff's motion is GRANTED. The Clerk of the Court is respectfully requested to enter judgment as follows: Defendant is liable to plaintiffs for $457,988.39. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: September 19, 2018
Central Islip, New York

                                              /s/   (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE